Appeal of **ARTHUR H. INGLE.**                    **Docket No. 359.**

The value of buildings voluntarily removed from land in preparation for the future use of such land for other business purposes, is not such a loss as is deductible from gross income under the Revenue Act of 1918, even though the plans and expectations of the taxpayer respecting the future use of the land may fail of realization.

The amount of depreciation of a building which may be deducted from gross income must be determined after a consideration of all the facts respecting the character and materials of construction and the location and uses of such building.

Submitted January 12, 1925; decided February 17, 1925.

*Mr. Samuel P. Hall*, for the taxpayer.

*Willis D. Nance, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

This appeal was argued and submitted upon a stipulated statement of facts from which the Board makes the following

FINDINGS OF FACT.

The taxpayer is a resident of Rochester, N. Y.

In 1917 he purchased two parcels of property located in Rochester, N. Y., immediately adjacent to the property upon which were situated the factory buildings of the Bridgeford Machine Tool Works, of which corporation he was an officer and director. These pieces of property were known as the Weaver property and the Goossen property. They, together with the property on which were situated the buildings of the Bridgeford Machine Tool Works and five other adjacent pieces of property acquired by the taxpayer at about the same time, formed a triangular tract of land of about 17 acres. The taxpayer was then and is now connected with corporations engaged in the manufacture of machine tools. The entire triangular strip of property had been acquired by the taxpayer by the early part of 1918.

In February, 1918, the taxpayer purchased a parcel of property located in Rochester, N. Y., forming a part of the same triangular strip of property mentioned in the preceding paragraph, known as the Schrader property.

The sum of $13,500 was paid by the taxpayer as the purchase price of the Weaver property, which purchase price was allocated as follows: Cost of land, $4,800; cost of buildings, $8,700. The structures on the Weaver property consisted of one seven-room brick and stucco dwelling, one concrete block barn, one cement block garage, one cement block building. The dwelling was valued at $6,000, and the other three buildings were valued at $2,700 in all.

The sum of $20,000 was paid by the taxpayer as the purchase price of the Goossen property, which purchase price was allocated as follows: $11,200 to the land and $8,800 to the buildings. The structure. on the Goossen property consisted of a one-story frame laundry building, a two and one-half story frame dwelling of heavy construction, a frame bank barn of heavy construction, and a one-story frame shed.

The sum of $17,000 was paid by the taxpayer as the purchase price for the Schrader property, which purchase price was allocated· $15,800 to the land and $1,200 to the buildings. The buildings on this property consisted of a two-story frame dwelling and a one-story frame barn.

The value of all the buildings on the Weaven, Goossen, and Schrader properties, with the exception of the brick and stucco dwelling on the Weaver property, at the time the buildings were demolished in 1918, was equal to the purchase price of the buildings in 1917.

In the early part of 1918 the taxpayer thought that the Ordnance Department of the United States Army would make use of the balance of the triangular strip of property not used by the factory buildings and would request him to build a building or buildings

to be used for war purposes. No definite agreement was ever consummated between the taxpayer and the United States Government.

The taxpayer, in the early part of 1918, sold the frame and stucco dwelling located on the Weaver property for $2,000, and demolished all of the other buildings on the Weaver, Goossen, and Schrader properties in order to clear the land. He received $100 as salvage for the demolished buildings.

The buildings on the Weaver and Goossen properties were rented to tenants at the time the said properties were acquired by the taxpayer and, until a short time prior to their demolition, the tenants continued in possession.

The total cost to the taxpayer of the buildings demolished was $16,500, after taking $400 depreciation, and the total amount received by him for the removed and demolished buildings was $2,100, leaving a difference of $14,400.

The United States Government never built, nor did it ever authorize the taxpayer to build, any structures on the property in question, nor did it use the property in any way.

On December 31, 1918, the taxpayer owned three manufacturing buildings which were located on the same triangular strip of property heretofore mentioned and which were known as buildings A, B, and C. These buildings were leased by the taxpayer during 1918 to the Bridgeford Machine Tool Works.

In his income-tax return for 1918 the taxpayer took as a deduction for depreciation upon building A the sum of $2,750, computed at the rate of 5 per cent upon a cost of $55,000. This building was an old brick-and-frame building. The revenue agent and the Commissioner have allowed this deduction of $2,750, and the item is not in question before the Board.

During the years 1917 and 1918 the taxpayer built a brick and reinforced concrete addition to building A, which addition is known as building B. The cost of this building was $12,000. The taxpayer deducted in his return for 1918 the sum of $300 as depreciation upon the cost of building B at the rate of 2½ per cent. The revenue agent and the Commissioner have allowed a rate of 2 per cent upon this building, and the taxpayer now accepts this rate of depreciation as determined by the revenue agent and the Commissioner, and, therefore, agrees that the Board shall determine that the amount of depreciation to be allowed as a deduction upon building B shall be $240, instead of $300.

During the latter part of 1916 and the early part of 1917, the taxpayer built a steel, brick, frame, and concrete building, the total cost to the taxpayer of this building being $139,000. The taxpayer took as a deduction in his return for 1918 an item of $6,950 as depreciation upon building C, said amount being at the rate of 5 per cent on the cost of $139,000. The revenue agent and the Commissioner allowed $2,780 as depreciation upon said building C, computed at the rate of 2 per cent upon a cost of $139,000.

The difference between the item of $6,950, deducted by the taxpayer in his return and representing depreciation at the rate of 5 per cent on building C, and an item of $2,780, representing the allowance by the Commissioner as depreciation upon building C, at the rate of 2 per cent, is the item at issue before this Board.

The dimensions of building C are 142 feet 7 inches by 206 feet 9 inches. Said building consists of one centre bay 51 feet 3 inches by 204 feet 9 inches by 51 feet high; two side bays each 30 feet by 204 feet 9 inches by 33 feet 6 inches high; and one side bay 28 feet 8 inches by 204 feet 9 inches by 18 feet high. Said building is of skeleton steel construction with brick walls and a composition roof upon frame construction. The foundations are of concrete and the floors are wood block upon concrete fill. The structural steel skeleton and the frame roof construction had formed a part of a building in Pittsburgh and were brought to Rochester and re-erected as a part of building C. The foundations for steel columns and brick walls are of concrete and all weights are carried by a steel skeleton, which is structurally complete. The structural steel skeleton is covered only by paint. Certain interior partitions are of wire-lath and others are of hollow-tile and all are plastered on both sides.

### DECISION.

The deficiency in tax should be recomputed in accordance with the following opinion. Final decision will be settled upon consent or upon 10 days' notice in accordance with Rule 50.

### OPINION.

Trussell: The agreed statement of facts and the arguments of counsel present for consideration only two questions requiring the determination of the Board. They are:

(1) Is the sum of $14,000, the stipulated value of buildings demolished, an allowable deduction from gross income? It appears from the agreed statement of facts that in the years 1917 and 1918 the taxpayer purchased certain tracts of land upon which there were several dwellings and other buildings, and that certain of these buildings were wrecked in the year 1918 and removed from the tracts of land. The cost of the buildings wrecked has been agreed to and is not here in question. It appears further that the taxpayer, when he purchased these lands in 1917 and 1918, and later in 1918, when he wrecked and removed these buildings, had in mind definite plans and purposes for the use of the premises purchased; that he removed the buildings voluntarily and with the expectation that the lands, after the removal of the buildings, could be used in his business in such a manner as would be productive of greater gains and profits than he could expect to realize from the use of the lands with the original buildings remaining thereon, and that when he wrecked and removed the buildings he expected to carry out other improvements and develop the properties for other uses with the expectation that such other uses would be productive of greater returns. After the taxpayer had completed the removal of the buildings it seems that business conditions, over which the taxpayer had no control, persuaded him to abandon for the time being his proposed plans of improving the property purchased, and that his expectation of greater gains and profits from the use of these lands still remains for future realization. While the asset value of the properties with the buildings removed may now seem to have been dimin-

ished, the lands remain in a condition for such improvement and use as the taxpayer may at any time determine to be advisable or profitable, and he has not realized a loss such as is intended by the taxing statute to be allowed as a deduction from gross income. We are, therefore, constrained to hold that the taxpayer's claim for a deduction from gross income in the year 1918 of the cost of these buildings wrecked and removed is not sustained.

(2) Is a depreciation deduction of $6,950, claimed upon a factory building, the cost of which was $139,000, a reasonable allowance for exhaustion, wear, and tear? The agreed statement of facts shows that this building was built in 1916; that it cost $139,000 and that it was built for the purpose of being leased to and used by a corporation engaged in the business of manufacturing machine tools and was so leased and used during the year 1918. The taxpayer's claim for depreciation is based upon an estimated useful life of the building of 20 years, while the amount allowed by the Commissioner is based upon an estimated useful life of 50 years. From the agreed statement of facts, it appears that the general character of the building is that of one built especially for a machine tool factory in which would be installed heavy machinery, and that the skeleton steel construction of the building was made of second-hand material acquired by the taxpayer from a dismantled structure where the steel had been used for a period not disclosed by the record. It has been held by this Board that the amount allowable as depreciation on any structure must be determined after a full consideration of all the facts concerning the location, character of building, and its uses. *Appeal of L. Z. Dickey Grocery Co.*, 1 B. T. A. 108. The taxpayer has established that this building's useful life will not exceed the period of 20 years. The Board therefore holds that for the purpose of this taxpayer's income-tax return for the year 1918, the sum of $6,950 is a reasonable allowance for exhaustion, wear, and tear.