*598 OPINION.
Trussell:
The agreed statement of facts and the arguments of counsel present for consideration only two questions requiring the determination of the Board. They are:
(1) Is the sum of $14,000, the stipulated value of buildings demolished, an allowable deduction from gross income? It appears from the agreed statement of facts that in the years 1911 and 1918 the taxpayer purchased certain tracts of land upon which there were several dwellings and other buildings, and that certain of these buildings were wrecked in the year 1918 and removed from the tracts of land. The cost of the buildings wrecked has been agreed to and is not here in question. It appears further that the taxpayer, when he purchased these lands in 1917 and 1918, and later in 1918, when he wrecked and removed these buildings, had in mind definite plans and purposes for the use of the premises purchased; that he removed the buildings voluntarily and with the expectation that the lands, after the removal of the buildings, could be used in his business in such a manner as would be productive of greater gains and profits than he could expect to realize from the use of the lands with the original buildings remaining thereon, and that when he wrecked and removed the buildings he expected to carry out other improvements and develop the properties for other uses with the expectation that such other uses would be productive of greater returns. After the taxpayer had completed the removal of the buildings it seems that business conditions, over which the taxpayer had no control, persuaded him to abandon for the time being his proposed plans of improving the property purchased, and that his expectation of. greater gams and profits from the use of these lands still remains for future realization. While the asset value of the properties with the buildings removed may now seem to have been dimin *599 ished, the lands remain in a condition for such improvement and use as the taxpayer may at any time determine to be advisable or profitable, and he has not realized a loss such as is intended by the taxing statute to be allowed as a deduction from gross income. We are, therefore, constrained to hold that the taxpayer’s claim for a deduction from gross income in the year 1918 of the cost of these buildings wrecked and removed is not sustained.
(2) Is a depreciation deduction of $6,950, claimed upon a factory building, the cost of which was $139,000, a reasonable allowance for exhaustion, wear, and tear? The agreed statement of facts shows that this building was built in 1916; that it cost $139,000 and that it was built for the purpose of being leased to and used by a corporation engaged in the business of manufacturing machine tools and was so leased and used during the year 1918. The taxpayer’s claim for depreciation is based upon an estimated useful life of the building of 20 years, while the amount allowed by the Commissioner is based upon an estimated useful life of 50 years. From the agreed statement of facts, it appears that the general character of the building is that of one built especially for a machine tool factory in which would be installed heavy machinery, and that the skeleton steel construction of the building was made of second-hand material acquired by the taxpayer from a dismantled structure where the steel had been used for a period not disclosed by the record. It has been held by this Board that the amount allowable as depreciation on any structure must be determined after a full consideration of all the facts concerning the location, character of building, and its uses. Appeal of L. Z. Dickey Grocery Co., 1 B. T. A. 108. The taxpayer has established that this building’s useful life will not exceed the period of 20 years. The Board therefore holds that for the purpose of this taxpayer’s income-tax return for the year 1918, the sum of $6,950 is a reasonable allowance for exhaustion, wear, and tear.